**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DIOCELINA RUEDA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19-cv-01739 |
| vs. | ) | |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

NOW COMES the Defendant, Midland Credit Management, Inc. ("Defendant" or "MCM"), by and through its undersigned counsel, and hereby moves to dismiss the Complaint of Plaintiff, Diocelina Rueda, pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support of which states as follows:

**FACTS**

Plaintiff filed a Complaint in this Court alleging violations of 15 U.S.C. §1692 *et seq.,* the Fair Debt Collection Practices Act ("FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") 815 ILCS 505/2. According to Plaintiff, Plaintiff was checking her credit report and noticed entries indicating that Defendant had accessed her credit information for a "Credit Inquiry" and "collection" purposes on April 11, 2018, August 17, 2018, October 3, 2018 and February 2, 2019. *See*, Compl. ¶12, D.E. 1. Plaintiff alleges that on or around February 13, 2019, she accessed Defendant's website to ascertain more information about the inquiries made into her credit and the debt(s) Defendant was attempting to collect from her. *Id.* at ¶13. Plaintiff alleges that when she accessed the Payment Portal of Defendant's website, Defendant identified itself as a debt collector attempting to collect upon a debt. *Id.* at ¶14.

1

Plaintiff alleges that during her access to the Payment Portal, the following notification was provided:

> The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or nonpayment of it to a credit bureau.

*Id.* at ¶16; *see also*, Exhibit B to D.E. 1.

Taking a closer look at the exhibit attached to Plaintiff's Complaint, the full disclosure states in relevant part:

> **If you live in IL, this applies to you**:  The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau. If you make a payment on this debt we will not use the payment to restart the time to sue you for this debt even if the law permits us to do so.

*See*, Ex. B to D.E. 1.

Plaintiff alleges that the applicable statute of limitations is five (5) years and that these debts were time-barred, or outside the statute of limitations as of February 2, 2019. D.E. 1, ¶ 17. Plaintiff alleges Defendant attempted to collect on the Subject Debt during her access to the Payment Portal by including offers to her – "Available Discount Offers." *Id.* at ¶ 19. Plaintiff alleges that the Payment Portal gave the false impression that Defendant had chosen not to sue Plaintiff, not that it was legally barred from doing so. *Id.* at ¶20. Plaintiff alleges that because the Payment Portal allegedly gave the false impression that Defendant had chosen not to sue Plaintiff, rather than stating that Defendant was legally barred from doing so, that Defendant violated the FDCPA and ICFA. *Id.* at ¶¶ 29, 37. However, Plaintiff's Complaint fails to state a claim upon which relief may be granted.  As such, Plaintiff's Complaint must be dismissed.

**STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. Pro. 12(b)(6). To overcome a motion to dismiss, a complaint must include sufficient factual allegations which, taken as true, state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Further, while a court is required to accept as true allegations within the complaint for purposes of a 12(b)(6) motion to dismiss, the requirement is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. While legal conclusions can form a framework of a complaint, "they must be supported by factual allegations." *Id*. at 679.

**II. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FDCPA**

Plaintiff alleges that the following disclosure on Defendant's Payment Portal website was misleading and in violation of §§ 1692e, e(2)(A), e(10) and f:

> **If you live in IL, this applies to you**:  The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau. If you make a payment on this debt we will not use the payment to restart the time to sue you for this debt even if the law permits us to do so.

The FDCPA was enacted "to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577, 130 S. Ct. 1605, 176 L. Ed. 2d 519 (2010). The

statute "regulates interactions between consumer debtors and debt collectors," for the purpose of protecting consumers. *Id.*; *see also Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 628 (7th Cir. 2009). The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. Section 1692e furnishes a nonexclusive list of prohibited practices, including the following: false representation of the character, amount, or legal status of any debt, § 1692e(2)(A); and use of any false representation or deceptive means to collect or attempt to collect any debt, § 1692e(10). Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt."

The court evaluates whether a debt collector's practices violate the FDCPA from the standpoint of the "unsophisticated consumer" *Evory v. RJM Acquisitions Funding, LLC*, 505 F.3d 769, 774 (7th Cir. 2007). The "unsophisticated consumer" is not the "least intelligent consumer," or a "dimwit." *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2007). He has "rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences," but he may be "uninformed, naïve, and trusting." *Lox*, 689 F.3d at 822. The unsophisticated consumer standard applies to claims under both § 1692e and § 1692f. *McMahon v. LVNV Funding, LLC,* 744 F.3d 1010, 1019-1020 (7th Cir. 2014).

Although collecting on time-barred debt is legal, not disclosing the time-barred status of the debt to a consumer can be deceiving because 1) most consumers do not know or understand their legal rights with respect to the collection of time-barred debt, attempts to collect on such debt may create a misleading impression that the consumer has no defense to a lawsuit; and 2) consumers often do not know that in many states, the making of a partial payment on a stale debt actually revives the entire debt even if it was otherwise time-barred. *Id.* at 1015, 1020. "[T]he

4

FDCPA prohibits a debt collector from luring debtors away from the shelter of the statute of limitations without providing an unambiguous warning that an unsophisticated consumer would understand." *McMahon v. LVNV Funding, LLC*, 301 F. Supp. 3d 866, 874-75 (N.D. Ill. Mar. 14, 2018). Because of the potential for confusion, and to avoid creating a misleading impression, the FTC recommends that if a collector knows or should know that it is collecting on a time-barred debt, it must inform the consumer that (1) the collector cannot sue to collect the debt, and (2) providing partial payment would revive the collector's ability to sue to collect the remaining balance. *McMahon,* 744 F.3d 1015 (citing *Fed. Trade Comm'n, The Structure and Practice of the Debt Buying Industry* (2013). In fact, the FTC secured a consent decree with Asset Acceptance, LLC which requires the company to disclose to consumers whether it knows or believes that a debt was incurred outside the statute of limitations period, using this language: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it." *McMahon*, 744 F.3d at 1016 (citing *United States v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012)).

In *Pantoja v. Portfolio Recovery Associates, LLC*, the Seventh Circuit found the following disclosure was deceptive under the FDCPA: "Because of the age of your debt, we will not sue you for it and we will not report it to any credit reporting agency." *See*, 852 F.3d 679, 682 (7th Cir. 2017). The Court found this disclosure to be deceptive for two reasons. First, it provided no notice that making partial payment could reset the statute of limitations and essentially removes what would have been an absolute defense to any possible collection suit. *Id.* at 685. Second, that sentence could confuse consumers as to whether the debt collector had a legally enforceable claim that it was "choosing" not to assert for the time being, rather than a claim had run out of time to assert. *Id.* at 686.

Unlike the disclosure in the Pantoja case, Defendant's disclosure gave sufficient notice that the debt was vulnerable to an ironclad limitations defense.

> **If you live in IL, this applies to you**:  The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau. If you make a payment on this debt we will not use the payment to restart the time to sue you for this debt even if the law permits us to do so.

Indeed, it adequately notifies the debtor about the age of the debt, the implications of the age for its enforceability, and the consequences of making a payment on it. *McMahon*, 744 F.3d at 1016.

While it may well be that the disclosure pled in Plaintiff's Complaint could be considered deceptive, when considering a motion to dismiss, courts should examine "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*, 551 U.S. 308, 322 (2007). Documents attached to the Complaint control over contrary pleadings and where an Exhibit conflicts with the allegations of the Complaint the Exhibit controls. *See Massey v. Merrill Lynch & Co., Inc*., 464 F.3d 642, 645 (7th Cir. 2006) (*citing Centers v. Centennial Mortg., Inc*., 398 F.3d 930, 933 (7th Cir. 2005)). Plaintiff's Complaint omits the last sentence of the disclosure – "If you make a payment on this debt we will not use the payment to restart the time to sue you for this debt even if the law permits us to do so." D.E. 1, ¶16.  Defendant's disclosure, read in its entirety, clearly addresses the concerns raised by the FTC and the Seventh Circuit. It advises the consumer that it is the law that limits the time in which a person will be sued, and because of the age of the debt, the consumer will not be sued. This additional prefatory sentence clarifies that it is the law, not MCM's mere choice, that suit not occur. Further, the disclosure makes clear that the law may, under some circumstances, permit MCM to sue if a payment is made with the caveat that MCM has chosen not to do so. It is clear from the four-corners of the disclosure that the unsophisticated consumer would not be misled by it.  *See,*

*Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) (Dismissal is appropriate only when "it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it.")

Accordingly, Plaintiff's Count I fails to state a claim for which relief may be granted under the FDCPA. As such, Count I must be dismissed.

## III.    PLAINTIFF FAILS TO STATE A CLAIM UNDER ICFA

In Count II of the Complaint, Plaintiff alleges that Defendant violated 815 ILCS 502/2 by attempting to collect upon alleged debt that had surpassed the applicable statute of limitations, and that Defendant did not presently have the legal ability to sue on, without disclosing same to Plaintiff. Plaintiff alleges that as a result of the alleged conduct, Defendant caused unwarranted harm to Plaintiff's credit, she was forced to hire counsel and that she feared that Defendant will continue to attempt to collect payment on the account. However, Plaintiff fails to allege actual, pecuniary damages as required under the ICFA. *Avery v. State Farm Mut. Auto Ins. Co.*, 835 N.E.2d 801, 296 Ill. Dec. 448 (Ill. 2005); *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014)). "To state a claim under the ICFA, Plaintiffs must allege five elements: (1) a deceptive act or unfair practice occurred, (2) the defendant intended for plaintiff to rely on the deception, (3) the deception occurred in the course of conduct involving trade or commerce, (4) the plaintiff sustained actual damages, and (5) the damages were proximately caused by the defendant's deception." *Blankenship v. Pushpin Holdings, LLC*, 157 F. Supp. 3d 788, 792 (N.D. Ill. 2016). Attorneys' fees and emotional damage do not qualify as actual damages under ICFA. *Gagnon v. JPMorgan Chase Bank, N.A.*, 563 B.R. 835, 847-848 (N.D. Ill. Jan. 3, 2017); *see also Price v. Seterus, Inc.*, 2016 U.S. Dist. LEXIS 48028, *22 (N.D. Ill. Apr. 8, 2016); *Thrasher-Lyon v. Ill. Farmers Ins. Co.*, 861 F. Supp. 2d 898, 913 (N.D. Ill. 2012)).

Furthermore, the fact that ICFA separately provides for the award of attorneys' fees to successful plaintiffs is indicative that a plaintiff must plead more than that he had to pay to consult with an attorney in order to allege actual damages under the ICFA. *Gagnon*, 563 B.R. at 848; *Garcia v. Receivables Performance Mgmt., LLC*, 2014 U.S. Dist. LEXIS 155337, *2 (N.D. Ill. Nov. 3, 2014) (explaining that because ICFA "differentiates between attorney's fees and actual damages, it is clear that [a plaintiff] must allege more than just pecuniary losses relating to meetings he had with his attorneys"); *Price v. Seterus, Inc.*, 2016 U.S. Dist. LEXIS 48028, *7 (N.D. Ill. Apr. 8, 2016) ("declin[ing] to read the actual damages prong [of ICFA] so broadly as to allow for the requirement to be met simply by a plaintiff's spending time consulting with his attorney," "particularly as attorney's fees are reimbursed pursuant to a different part of the statute").

Plaintiff's Complaint alleges that she was in fear that Defendant would continue to attempt to collect payment(s) from her on time-barred debt(s) and ultimately cause unwarranted harm to her credit or otherwise harm him economically. She further alleges she incurred attorneys' fees for bringing this lawsuit. However, fear and attorneys' fees are not enough to constitute actual damages as required by statute. Plaintiff was not forced to incur attorney's fees to defend an underlying lawsuit. Plaintiff's Complaint further fails to demonstrate how her "fear" caused her actual damages. Plaintiff's Complaint fails to provide sufficient facts to allege an ICFA claim. Plaintiff cannot demonstrate that she plausibly has a right to relief. As such, Plaintiff's claim must be dismissed.[1]

---

[1] It should be noted that counsel for MCM has moved to dismiss multiple, identical ICFA claims that Consumer Law Partners has brought on behalf of other plaintiffs based upon the same argument. Such claims are routinely voluntarily withdrawn by Plaintiff's counsel after a motion to dismiss is filed but are continually alleged in subsequent complaints filed by Consumer Law Partners despite failing to cure any deficiencies. *See*, *Michael Wujcik v. Armor Systems Corporation*, C.D. Illinois Case No. 18-cv-02302; *Julie Caliboso v. Armor Systems Corporation*, N.D. Illinois Case No. 18-cv-07248; *Terry J. Paskon v.*

## CONCLUSION

Plaintiff's allegations against MCM, even taken as true, do not plausibly suggest that she has a right to relief. It is clear from the disclosure provided in the accompanying exhibit to the Complaint that MCM provided the requisite disclosures and did not violate the FDCPA or ICAA. Plaintiff simply cannot allege sufficient facts to draw a reasonable inference that MCM is liable for the alleged misconduct. Accordingly, Plaintiff's claims against MCM should be dismissed with prejudice.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td>Dated: April 8, 2019</td><td>/s/ Stephanie A. Strickler<br>Stephanie A. Strickler (IL#6314089)<br>Messer Strickler, Ltd.<br>225 W. Washington St., Ste 575<br>Chicago, Illinois 60606<br>312-334-3465<br>312-334-3473 (fax)<br>sstrickler@messerstrickler.com<br>*Attorney for Defendant*</td></tr>
</table>

---

*Armor Systems Corporation*, N.D. Illinois Case No. 18-cv-07042; *Sandra L. Futch v. Armor Systems Corporation*, N.D. Illinois Case No. 18-cv-02621; *and see*, *Chanel Facko v. Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services*, N.D. Illinois Case No. 18-cv-00615; *Karina Silva v. Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services*, N.D. Illinois Case No. 18-cv-50278; *Karina Silva v. Total Card Inc.*, N.D. Illinois Case No. 19-cv-50040; *Celeste McClain v. Healthcare Recovery Group, LLC*, N.D. Illinois Case No. 19-cv-01568; *Celeste McClain v. Midland Funding LLC*, N.D. Illinois Case No. 18-cv-08070; *Celeste M. McClain v. LVNV Funding, LLC*, N.D. Illinois Case No. 18-cv-08096; *Celeste M. McClain v. MRS BPO, L.L.C.*, N.D. Illinois Case No. 19-cv-01427; *Charles Barnett v. Midland Credit Management, Inc.*, N.D. Illinois Case No. 19-cv-01839; *Joseph Wiley v. Debt Recovery Solutions, LLC*, N.D. Illinois Case No. 19-cv-50071; *James A. Egle v. Financial Business and Consumer Solutions, Inc.*, N.D. Illinois Case No. 19-cv-50064; *Chester Simpson v. I.C. System, Inc.*, N.D. Illinois Case No. 19-cv-02222; *Terry J. Paskon v. Grant & Weber, Inc.*, N.D. Illinois Case No. 19-cv-01903; *Michael L. Wujcik, Sr. v. Convergent Outsourcing, Inc.*, N.D. Illinois Case No. 19-cv-01671.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 8, 2019 I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

/s/ Stephanie A. Strickler
Stephanie A. Strickler (IL#6314089)
Messer Strickler, Ltd.
225 W. Washington St., Ste 575
Chicago, Illinois 60606
312-334-3465
312-334-3473 (fax)
sstrickler@messerstrickler.com
*Attorney for Defendant*