UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIOCELINA RUEDA | Case No. 1:19-cv-01739 |
| Plaintiff, | Judge Gary Feinerman |
| -v- | Magistrate Judge M. David Weisman |
| MIDLAND CREDIT MANAGEMENT, INC. | AMENDED COMPLAINT |
| Defendant. | JURY DEMAND ENDORSED HEREON |

Plaintiff, Diocelina Rueda, for her first amended complaint against Midland Credit Management, Inc. ("Defendant"), states as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), for Defendant's unlawful collection practices as more fully described in this complaint.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Northern District of Illinois and the events and/or omissions giving rise to the claims made in this complaint occurred within the Northern District of Illinois.

PARTIES

4. Plaintiff, Diocelina Rueda ("Ms. Rueda"), is a natural adult person residing in Berwyn, Illinois, which lies within the Northern District of Illinois.

5. Ms. Rueda is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

6. Defendant, Midland Credit Management, Inc. ("MCM"), is a Delaware corporation in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States. As such, MCM regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

7. On its website and within its correspondences to consumers, MCM identifies itself as a "debt collector," and has been a member of the Association of Credit and Collection Professionals since 1991.

8. MCM is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

9. MCM acted through its agents, employees, officers, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

10. As Ms. Rueda was reviewing her credit, she noticed that MCM had obtained her credit report for a "collection" purpose on April 11, 2018, August 17, 2018, October 3, 2018 and February 2, 2019. Relevant pages from Ms. Rueda's Experian credit report, dated February 13, 2019, are attached to this complaint as Exhibit A.

11. On or around February 13, 2019, Ms. Rueda accessed MCM's website to ascertain more information about the inquiries made into her credit and the debt(s) MCM was attempting to collect from her (the "Payment Portal").

12. During Ms. Rueda's access to the Payment Portal, MCM identified itself to Ms. Rueda as a debt collector attempting to collect upon a debt.

13. During Ms. Rueda's access to the Payment Portal, MCM attempted to collect a consumer debt from Ms. Rueda that was originally incurred to *Fifth Third Bank* (the "Subject Debt").

14. During Ms. Rueda's access to the Payment Portal, MCM stated, in relevant part:

> "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or nonpayment of it to a credit bureau."

15. As of February 13, 2019, the date of Ms. Rueda's accessing of the Payment Portal, the Subject Debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations period.

16. The applicable statute of limitations for the Subject Debt states, in relevant part:

> "Except as provided in Section 2-725 of the 'Uniform Commercial Code', approved July 31, 1961, as amended, and Section 11-13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied . . . shall be commenced within 5 years next after the cause of action accrued." *See* 735 ILCS § 5/13-205.

17. MCM attempted to collect the Subject Debt from Ms. Rueda during her accessing of the Payment Portal, including offering her "Discount Offers."

18. The Payment Portal stated, in relevant part: "Making a good-faith payment will not settle your account. Please consider establishing a payment plan."

19. The Payment Portal stated, in relevant part: "**Resolve Your Account Today**. Use this option to make a 1-Time, good-faith payment towards your outstanding balance."

20. The Payment Portal stated, in relevant part: "We are not obliged to renew these offers."

21. The Payment Portal stated, in relevant part: "This offer may not be available after today. In order to accept this offer, please make a payment today."

22. As of February 13, 2019, the date Ms. Rueda first accessed the Payment Portal, MCM had no present intention of removing, lifting or otherwise not honoring the "Discount Offers" that were reflected on the Payment Portal at any point of time in the future.

23. After a reasonable time to conduct discovery, Ms. Rueda believes she can prove that all actions taken by MCM as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

24. Ms. Rueda was misled by MCM's collection actions.

25. Ms. Rueda justifiably fears that, absent this Court's intervention, MCM will continue to attempt to collect payment from her on time-barred debt(s) and ultimately cause unwarranted harm to her credit or otherwise harm her economically.

26. Ms. Rueda justifiably fears that, absent this Court's intervention, MCM will continue to use unlawful methods and/or means in its attempts to collect the Subject Debt from her.

27. As a result of MCM's conduct, Ms. Rueda was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

28. As a result of MCM's conduct, Ms. Rueda is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter MCM and other debt collection agencies from engaging in the unlawful collection practices described in this complaint.

## GROUNDS FOR RELIEF

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692e, e(2)(A), e(5), e(10) and f*

29. All prior paragraphs are incorporated into this count by reference.

30. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (5) The threat to take any action that cannot legally be taken or that is not intended to be taken; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A), e(5) and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

31. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(5), e(10), and f through its representations and/or omissions to Plaintiff on the Payment Portal.

32. Defendant's representations and/or omissions to Plaintiff through the Payment Portal, as cited above, *supra*, were false, deceptive and/or misleading to the extent they created the false impression that Defendant had chosen not to sue Plaintiff in connection with the Subject Debt, not that it was legally barred from doing so. Defendant knew that the applicable statute of limitations to collect the Subject Debt had expired, yet failed to provide complete and/or accurate disclosure of the implications of same to Plaintiff.

33. Defendant's representations and/or omissions to Plaintiff through the Payment Portal, as cited above, *supra*, were false, deceptive and/or misleading to the extent they created a false sense of urgency that Plaintiff must act immediately to pay off the Subject Debt in order to take advantage of Defendant's "Discount Offers." As Defendant had no present intention of removing, lifting or otherwise not honoring the "Discount Offers" that were reflected on the Payment Portal at any point of time in the future, Defendant threatened an action that it did not intend to take in violation of § 1692e(5) of the FDCPA.

34. As an experienced debt collection agency, Defendant knows that the statements it makes to consumers during its debt collection communications have to be true, complete and accurate,

especially when Defendant is attempting to collect time-barred debt. Defendant had an obligation to accurately alert Plaintiff as to her rights with respect to the Subject Debt, but skirted this obligation with deceptive and misleading representations and/or omissions.

35. As set forth in paragraphs 24 through 28 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described in this complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Diocelina Rueda, respectfully requests that this Court enter judgment in her favor as follows:

    A. Awarding Plaintiff actual damages, in such an amount as determined by the jury, as provided under 15 U.S.C. § 1692k;

    B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

    C. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

    D. Awarding Plaintiff such other and further relief as may be just and proper.

DATED this 24th day of April, 2019.        Respectfully Submitted,

                                                        */s/ Geoff B. McCarrell*
                                                      Geoff B. McCarrell #0086427
                                                      H. Joshua Chaet #6206717
                                                      David S. Klain #0066305
                                                      CONSUMER LAW PARTNERS, LLC
                                                      333 N. Michigan Ave., Suite 1300
                                                      Chicago, Illinois 60601
                                                      (267) 422-1000 (phone)
                                                      (267) 422-2000 (fax)
                                                      geoff.m@consumerlawpartners.com

                                                      *Counsel for Plaintiff*

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                               */s/ Geoff B. McCarrell*
                                               Geoff B. McCarrell #0086427
                                               CONSUMER LAW PARTNERS, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing *Amended Complaint* is being filed electronically with the United States District Court for the Northern District of Illinois on this 24th day of April, 2019. Notice of this filing will be transmitted to counsel of record by operation of the Court's electronic filing system.

                                               */s/ Geoff B. McCarrell*
                                               Geoff B. McCarrell #0086427
                                               CONSUMER LAW PARTNERS, LLC

## VERIFICATION OF AMENDED COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS        )
                         ) ss
COUNTY OF COOK           )

Pursuant to 28 U.S.C. § 1746, Plaintiff, Diocelina Rueda, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled Amended Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this Amended Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this Amended Complaint is not interposed for any improper purpose, such as to harass Defendants, cause unnecessary delay to Defendants, or create a needless increase in the cost of litigation to Defendants.

5. I have filed this Amended Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  4/23/2019  .

DocuSigned by:
*[signature]*
D7DF527E3AD84B9...
Signature