# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DIOCELINA RUEDA, | Case No. 1:19-cv-01739 |
| Plaintiff, | Judge Gary Feinerman |
| | Magistrate Judge M. David Weisman |
| -v- | |
| MIDLAND CREDIT MANAGEMENT, INC., | ORAL ARGUMENT REQUESTED |
| Defendant. | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Plaintiff, Diocelina Rueda ("Ms. Rueda" or "Plaintiff"), through counsel, responding in opposition to the *Motion to Dismiss Plaintiff's Amended Complaint* ("Motion to Dismiss") [ECF No. 16] filed by Defendant, Midland Credit Management, Inc. ("MCM" or "Defendant"), states:

#### INTRODUCTION

Ms. Rueda allegedly once owed a debt to Fifth Third Bank but did not pay it off. Midland Funding, LLC ("Midland") bought the alleged debt. MCM is a debt collector for Midland and tried for years to collect from Ms. Rueda. In February 2019, at a time when Ms. Rueda could not be sued to collect on the alleged debt due to the statute of limitations expiring, MCM attempted to collect from Ms. Rueda via, among other means, its payment portal website. MCM's communications and representations directed to Ms. Rueda via its online payment portal included the following statement:

> The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau.

MCM also communicated "discount offers" to Ms. Rueda in its attempt to solicit an online payment from her, and used language such as "settle" and "resolve" in doing so. The dispute here centers on whether MCM's communications and representations directed to Ms. Rueda: (i) conveyed the impression that MCM (or, more accurately, Midland Funding, LLC, the purchaser of the debt) had merely chosen not to sue Ms. Rueda, instead of stating that MCM (or Midland Funding, LLC) was barred from doing so under the applicable Illinois statute of limitations; and (ii) created a false sense of urgency that Ms. Rueda must act immediately to pay off the debt in order to take advantage of the "discount offers" that, in actuality, never expire.

For the reasons outlined in this memorandum, *infra*, Ms. Rueda's Amended Complaint alleges plausible claims that the dunning communications at issue were false, deceptive, misleading and/or unfair to the unsophisticated consumer. As such, MCM's Motion to Dismiss should be DENIED in its entirety.

## FACTS

Ms. Rueda is a natural adult person residing in Berwyn, Illinois. (ECF No. 13, Amended Complaint ¶ 4.) Ms. Rueda is a "consumer" as that term is defined by § 1692a(3) of the FDCPA. (*Id.* ¶ 5.) MCM is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA. (*Id.* ¶¶ 6-8.)

As Ms. Rueda was reviewing her credit, she discovered that MCM had obtained her consumer report from Experian for a "collection" purpose on four (4) separate occasions over the previous twelve (12) months. (*Id.* ¶ 10, Ex. A.) Ms. Rueda accessed MCM's website to ascertain more information about the inquiries made into her credit and the debt MCM was attempting to collect from her (the "Payment Portal"). (*Id.* ¶ 11.)

During Ms. Rueda's access to the Payment Portal, MCM: (i) identified itself to Ms. Rueda as a debt collector attempting to collect upon a debt; (ii) attempted to collect a consumer debt from Ms. Rueda that was originally incurred to Fifth Third Bank (the "Subject Debt") by, *inter alia*, offering her "Discount Offers;" and (iii) stated the following disclaimer to Ms. Rueda:

> The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau. If you make a payment on this debt we will not use the payment to restart the time to sue you for this debt even if the law permits us to do so.

(hereinafter, the "Time-Barred Disclosure").[1] (*Id.* ¶¶ 12-14, 17; ECF No. 1, Complaint, Ex. B.)

As of February 13, 2019, the date that Ms. Rueda accessed the Payment Portal, the Subject Debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations period. (*Id.* ¶ 15.) The applicable Illinois statute of limitations for the Subject Debt states, in relevant part:

> Except as provided in Section 2-725 of the 'Uniform Commercial Code', approved July 31, 1961, as amended, and Section 11-13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied . . . shall be commenced within 5 years next after the cause of action accrued.

(*Id.* ¶ 16; 735 ILCS § 5/13-205.)

The Payment Portal also stated, in relevant part: (i) "Making a good-faith payment will not settle your account. Please consider establishing a payment plan."; (ii) "**Resolve Your Account Today**. Use this option to make a 1-Time, good-faith payment towards your outstanding balance." (iii) "We are not obliged to renew these offers."; and (iv) "This offer may not be available after

---

[1] While Plaintiff did not include the final sentence of the Time-Barred Disclosure in her Amended Complaint, Plaintiff concedes that the Time-Barred Disclosure, when read in full, includes this language. The Motion to Dismiss asserts that Plaintiff omitted this language from her Amended Complaint "in an attempt to avoid allegations that are destructive to her cause of action," but this assumption is not accurate. The last sentence of the Time-Barred Disclosure was omitted by Plaintiff, in both her original and Amended Complaint, because Plaintiff's claims and allegations do not stem from or rely on that specific language. Rather, only Defendant's defense relies on that language.

today. In order to accept this offer, please make a payment today." (*Id.* ¶¶ 18-21.) As of February 13, 2019, the date that Ms. Rueda accessed the Payment Portal, MCM had no present intention of removing, lifting or otherwise not honoring the "Discount Offers" that were reflected on the Payment Portal at any point of time in the future. (*Id.* ¶ 22.)

Ms. Rueda was misled by the statements and representations made by MCM on its Payment Portal, and has suffered harm as a result of MCM's collection practices. (*Id.* ¶¶ 24-27, 35.)

<u>**ARGUMENT**</u>

I.  LEGAL STANDARDS.

   A.  Standard on a Motion to Dismiss.

A claim for relief must be supported by "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *see also Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). A court must "accept as true all well-pleaded facts alleged, drawing all possible inferences in the plaintiff's favor." *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but must only exhibit "facial plausibility" by "plead[ing] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs are not required to prove their case at the pleading stage. *Brooks*, 578 F.3d at 580-81; *In re: Text Messaging Antitrust Litig.*, 630 F.3d 622, 629 (7th Cir. 2010). "A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of parts of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015). "Requests for relief as to part of a claim are a matter for summary judgment." *Id.* (citing

Fed. R. Civ. P. 56(a)). Documents which are referred to in a complaint and are central to a claim, as well as any matters of public record, may be considered on a motion to dismiss. *See Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

B. <u>FDCPA Standards</u>.

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Pantoja v. Portfolio Recovery Associates, LLC*, 852 F.3d 679, 683 (7th Cir. 2017) (*quoting* 15 U.S.C. § 1692(e)).

Whether a debt collection practice is deceptive or unfair or amounts to a misrepresentation is viewed through the perspective of an "unsophisticated consumer." *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014); *Gammon v. GC Services, LP*, 27 F.3d 1254, 1257 (7th Cir. 1994). The standard is objective – whether the plaintiff was misled is not an element of a cause of action. *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997). The critical question in evaluating whether a debt collection communication violates the FDCPA is if the communication would similarly confuse or mislead "a significant fraction of the population[.]" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (*quoting Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)). This standard applies to claims brought under both § 1692e and § 1692f. *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 997 (7th Cir. 2003).

"In the Seventh Circuit, the pleading standard for a FDCPA claim of this nature is very low." *O'Chaney v. Shapiro & Kreisman, LLC*, 2004 WL 635060, *4 (N.D. Ill. Mar. 29, 2004). Generally, all a plaintiff must do to survive a motion to dismiss a complaint alleging a FDCPA

5

violation is plausibly allege that the debt collector's communication is materially misleading or confusing. *Walker v. National Recovery, Inc.*, 200 F.3d 500, 501 (7th Cir. 1999) ("How a particular notice affects its audience is a question of fact, which may be explored by testimony and devices such as consumer surveys."); *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1059 (7th Cir. 1999) ("a contention that a debt-collection notice is confusing is a recognized legal claim; no more is needed to survive a motion under Rule 12(b)(6)"); *see also Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326-27 (7th Cir. 2000). The Seventh Circuit has repeatedly cautioned that "a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects." *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006).

The FDCPA imposes three requirements to establish a violation of federal law: (1) the defendant qualifies as a "debt collector" as defined in § 1692a(6); (2) the actions complained of were taken "in connection with the collection of any debt;" and (3) the defendant's actions violated one or more substantive provisions of the FDCPA. *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010). The factual basis necessary and material to plausibly establish the first two of these three determinations, *i.e.*, that MCM is a "debt collector" under the FDCPA and its actions were "in connection with the collection" of the Subject Debt, is uncontroverted and has been left unchallenged by MCM in its Motion to Dismiss.

The only issue presently before the Court, therefore, is whether Ms. Rueda's Amended Complaint adequately alleges a plausible violation by MCM of 15 U.S.C §§ 1692e, e(2)(A), e(5), e(10) and/or f.

II. **MS. RUEDA HAS STATED A CLAIM FOR RELIEF UNDER § 1692e BECAUSE MCM'S TIME-BARRED DISCLOSURE IS FALSE, DECEPTIVE AND MISLEADING.**

The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e furnishes a nonexclusive list of prohibited practices, including the following: (i) the false representation of the character, amount, or legal status of any debt (§ 1692e(2)(A)); (ii) the threat to take any action that cannot legally be taken or that is not intended to be taken (§ 1692e(5)); and (iii) the use of any false representation or deceptive means to collect or attempt to collect any debt (§ 1692e(10)). Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

This case concerns MCM's attempted collection of a time-barred debt. There is not, as of yet, a prohibition on collecting time-barred debt; "some people might consider full debt repayment a moral obligation, even though the legal remedy for the debt has been extinguished." *McMahon*, 744 F.3d at 1020. But, "if the debt collector uses language . . . that would mislead an unsophisticated consumer into believing that the debt is legally enforceable . . . the collector has violated the FDCPA." *Id*. "Whether a debt is legally enforceable is a central fact about the character and legal status of [a] debt. A misrepresentation about that fact thus violates the FDCPA." *Id*.

    A. Based on Precedent Established By the Seventh Circuit in *Pantoja*, MCM's Statement to Ms. Rueda That It "Will Not Sue" Her is Deceptive and Misleading.

In *Pantoja*, the Seventh Circuit determined that a portion of the challenged Time-Barred Disclosure here is deceptive to an unsophisticated consumer. *Pantoja*, 852 F.3d at 686-87. The dunning letter in that case, which, just as the communications in this case, offered to settle a time-barred debt under various discount payments plans, stated: "Because of the age of your debt, we

7

[the debt collectors] will not sue you for it and we will not report it to any credit reporting agency." *Id.* at 682. The Seventh Circuit found that the sentence was misleading because it gives the impression that the collector merely had "chosen not to sue," as opposed to being prohibited by law from doing so. *Id.* at 686. Few consumers know about statutes of limitations or that in many states, including Illinois, making a partial payment on the debt or a promise to do so could result in a waiver of the defense. *Id.* at 684-85. As a result, the court held that without a clear warning about the defense, some consumers will choose to pay their stale debts not out of a moral obligation, but because "they fear the consequences of not doing so." *Id.* at 684, 687.

MCM argues that the holding in *Pantoja* does not resolve this motion to dismiss. MCM's Time-Barred Disclosure to Ms. Rueda here included an additional, preceding sentence that discusses time-barred debts: "The law limits how long you can be sued on a debt." Thus, the question here is whether this preceding sentence (or, as MCM asserts, the subsequent third sentence: "if you make a payment on this debt we will not use the payment to restart the time to sue you for this debt even if the law permits us to do so") dispels the misleading impression created by the "we will not sue you" sentence. The Court should not conclude as a matter of law that it does.

Here, the first two (2) sentences of the Time-Barred Disclosure are identical to MCM's disclaimer language which was recently found unlawful by another court in this District in *Pierre v. Midland Credit Management, Inc.*, 2018 WL 723278 (N.D. Ill. Feb. 5, 2018). MCM now asserts – without any supporting case law – that it somehow escapes liability as to the first two (2) sentences because of the third sentence it has added to the disclaimer. That addition is irrelevant to Plaintiff's claims and does not save MCM from liability. Although the additional sentences indicate to the reader that there is a statute of limitations defense and warn the reader of a partial

payment revival, an unsophisticated consumer may still be confused about whether Defendant was actually barred from suing on the debt. In other words, in reading the three (3) sentences together, a consumer could still "wonder whether [the collector] has chosen to go easy on this old debt out of the goodness of its heart, or perhaps because it might be difficult to prove the debt," *Pantoja*, 852 F.3d at 686, or because the limitations period had in fact expired.

MCM, despite previous court decisions rendering such language unlawful, continues to represent that it "will not sue you," not that it "cannot sue you." Stating that "the law limits how long you can be sued on a debt" is not equivalent to a disclosure that the applicable statute of limitations has expired so the debtor cannot be sued. This same disclosure can be made in connection with debts within the statute of limitations. In either case, this disclosure does not advise the debtor whether the law precludes a lawsuit in that debtor's case. However, the Time-Barred Disclosure goes on to state that Defendant "will not" sue Plaintiff rather than simply stating the simple fact that it cannot sue Plaintiff. The implication of the phrase "will not" instead of cannot is that Defendant is choosing not to sue Plaintiff, and that it can or may change its mind should Plaintiff not make a payment. As a matter of speaking, the phrase "will not" when used in every day speech implies a choice.

Nor does the Payment Portal inform Ms. Rueda of the date when the debt was incurred or when the statute of limitations ran. MCM's disclosures do not state or mention any applicable law, when the Subject Debt was incurred or when the Subject Debt fell into default (or the last payment was made on it), *i.e.*, the time when the limitations period commenced. As such, on its face, the Time-Barred Disclosure could relate to a debt that defaulted on February 12, 2019, just one (1) day before Ms. Rueda accessed the Payment Portal, on February 12, 2009, or February 12, 1909. In each instance, "the law limits how long you can be sued on a debt," but the carefully

9

ambiguous language in the Time-Barred Disclosure gives no indication as to when the alleged debt went into default.

Ultimately, with or without the third sentence added by MCM, the fundamental question originally raised by *Pantoja* remains unchanged. Has Defendant merely chosen not to sue or is it legally barred from suing? *See Pantoja*, 852 F.3d at 686. The reader of the Time-Barred Disclosure is still left to wonder whether MCM has chosen to go easy on this old debt out of the goodness of its heart, perhaps because it might be difficult to prove the debt, or perhaps for some other reason. *Id.* What the Time-Barred Disclosure definitely fails to convey is that Plaintiff <u>cannot</u> be sued on the Subject Debt.

An unsophisticated consumer may be further confused because MCM's Payment Portal communications provide "discount offers" that, if accepted, would render the Subject Debt "settled" or "resolved." Consumers could find that this language contradicts MCM's promise not to sue and implies that MCM has some recourse if the consumer rejects the discounted offers. *See Richardson v. LVNV Funding, LLC, et al.*, 2017 WL 4921971 (N.D. Ill. Oct. 31, 2017) (citing *McMahon*, 744 F.3d at 1021). MCM's use of language such as "settle," "resolve" and "discount offers" implied and suggested that the Subject Debt was still enforceable. In *McMahon*, the Seventh Circuit recounted *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769 (7th Cir. 2007), in which a debt collector made "settlement offers" to debtors that offered to take less than the full amount claimed if paid by a certain deadline. The court concluded that:

> [t]he recipients of the letters, however, would believe that if they did not immediately accept the offer, they would face legal proceedings where the full amount would be demanded. The risk here is similar: a settlement offer on a time-barred debt implies that the creditor could successfully sue on the debt. If unsophisticated consumers believe either that the settlement offer is their chance to avoid court proceedings where they would be defenseless, of if they believe that the debt is legally enforceable at all, they have been misled, and the debt collector has violated the FDCPA.

*McMahon*, 744 F.3d at 1022 *accord Daugherty v. Convergent Outsourcing, Inc.*, 836 F. 3d 507, 511 (5th Cir. 2016); *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 397 (6th Cir. 2015). Shifting language from "settlement" to "discount" or "resolve" does not make the communication any less confusing or deceptive. For example, according to the Merriam-Webster dictionary, "settlement" means "an agreement reducing or resolving differences" and "discount" means "a reduction made from a regular or list price or a proportionate deduction from a debt account usually made for prompt payment or for payment in cash." *See* www.merriam-webster.com/dictionary/settlement; www.merriam-webster.com/dictionary/discount. Ultimately, both call for a reduction from the full claim to resolve a matter. Furthermore, the "discounts" MCM offered were no discounts at all. MCM had no available legal remedy to collect the Subject Debt, so the amount owed, from an enforcement perspective, was $0. The so-called discounts offered to Ms. Rueda were necessarily more than $0.

As such, the Time-Barred Disclosure does not clearly and plainly inform the unsophisticated consumer that Defendant is time-barred from bringing suit to enforce the debt. *See Pantoja*, 852 F.3d at 687. Because the same ambiguity and confusion still exists here as existed in *Pierre*, *Richardson* and *Pantoja*, dismissal of this case in MCM's favor is not warranted.

  B. <u>Other Courts of Appeals and District Courts Have Recently Ruled in Favor of Plaintiffs Alleging Similar Claims Under the FDCPA.</u>

Other courts of appeals and district courts across the country have consistently ruled in favor of the consumer on similar claims. *See, e.g., Holzman v. Malcolm S. Gerald & Associates, Inc.*, 2019 WL 1495642 (11th Cir. 2019); *Garcia v. Allied Interstate, LLC*, 2019 WL 1333038 (W.D. Tex. Mar. 25, 2019); *Navarroli v. Midland Funding LLC, et al.*, 2019 WL 1044801 (N.D. Ill. Mar. 5, 2019); *Madinya v. Portfolio Recovery Assocs., LLC*, 2018 WL 4510151 (S.D. Fla. Sept.

20, 2018); *Shadow v. Midland Credit Mgmt., Inc.*, 2018 WL 4357980 (S.D. Cal. Sept. 13, 2018); *Gomes v. Portfolio Recovery Assocs., LLC*, 2018 WL 4179059 (S.D. Fla. Aug. 22, 2018); *Hordge v. First Nat'l Collection Bureau, Inc.*, 2018 WL 3741979 (S.D. Tex. Aug. 7, 2018); *Alston v. Midland Credit Mgmt., Inc.*, 2018 WL 3309725 (D.S.C. Jul. 3, 2018); *Wheeler v. Midland Funding LLC, et al.*, 2018 WL 1920254 (N.D. Ill. Apr. 24, 2018); *Neeley v. Portfolio Recovery Assocs., LLC*, 2018 WL 1558243 (S.D. Ind. Mar. 22, 2018); *Bereket v. Portfolio Recovery Assocs., LLC*, 2017 WL 4409480 (W.D. Wash. Oct. 4, 2017); *Mitchell v. LVNV Funding, LLC, et al.*, 2017 WL 4303804 (N.D. Ind. Sept. 28, 2017); *White v. First Step Group LLC*, 2017 WL 4181121 (E.D. Cal. Sept. 20, 2017); *Magee v. Portfolio Recovery Assocs., LLC*, 2016 WL 2644763 (N.D. Ill. May 9, 2016); *Rawson v. Source Receivables Mgmt., LLC, et al.*, 215 F.Supp.3d 684 (N.D. Ill. Jan. 6, 2016); *Green v. Monarch Recovery Mgmt.*, 2015 WL 4599480 (S.D. Ind. Jul. 29, 2015); *Finley v. Dynamic Recovery Sols. LLC*, 2015 WL 3750140 (N.D. Cal. June 15, 2015); *McRill v. Nationwide Credit, Inc.*, 2012 WL 6727974, *6 (C.D. Ill. Dec. 6, 2012) ("the Court, therefore, concludes that, even absent a threat of litigation, an unsophisticated consumer could be deceived by Defendant's failure to disclose, one, that the debt it seeks is time-barred or, two, the dates of the transactions giving rise to the debt, because Defendant's failure to disclose this information creates the impression that Defendant could sue to collect on the debt").

    C.    <u>The Consent Decree MCM Relies Upon Should Be Afforded No Deference.</u>

With respect to Ms. Rueda's claims alleging that the Time-Barred Disclosure was ineffective and misleading, MCM's request for dismissal of these claims is not supported by <u>any</u> case law authority whatsoever. MCM asserts in conclusory fashion that: (i) "Unlike the disclosure in the *Pantoja* case, Defendant's disclosure gave sufficient notice that the debt was vulnerable to an ironclad limitations defense"; (ii) "Defendant's disclosure, <u>read in its entirety</u>, clearly addresses

12

the concerns raised by the FTC and the Seventh Circuit"; and (iii) "This additional prefatory sentence clarifies that it is the law, not MCM's mere choice, that suit not occur." *See* Motion to Dismiss, pp. 6-7. However, MCM neither supports its conclusions with any case law nor cites to any authority, judicial or otherwise, which has analyzed the effectiveness, or lack thereof, of the Time-Barred Disclosure.

The only authority the Motion to Dismiss cites on MCM's behalf is a consent decree between the Federal Trade Commission ("FTC") and another debt collector, Asset Acceptance. *See United States v. Asset Acceptance, LLC*, No. 8:12-cv-00182 (M.D. Fla. Jan. 31, 2012). This consent decree required Asset Acceptance, in attempting to collect a time-barred debt, to use the language: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it."[2] The consent decree was expressly not an adjudication of the adequacy of the recommended disclosure and disclaims even being a binding contract. *Id.* at p. 62, ¶ 189. MCM later entered into a consent decree of its own with the Consumer Financial Protection Bureau ("CFPB") requiring it to use the same language. *See In re: Encore Capital Group, Consumer Fin. Prot. Bureau*, No. 2015–CFPB–0022, at p. 38, ¶ 133(b)(i) (Sept. 3, 2015). Notably, MCM does not mention this consent decree in its Motion to Dismiss.

Several courts in this District have held that the consent decrees from both the FTC and the CFPB to which MCM now relies should be afforded no deference. *See, e.g., Pierre,* 2018 WL 723278, at *6 (citing *Harris v. Total Card, Inc.*, 2013 WL 5221631, at *7 (N.D. Ill. Sept. 16, 2013)) (collecting cases); *accord, Richardson*, 2017 WL 4921971, at *4 (stating that these decrees do not warrant *Chevron* deference). MCM "cites no authority demonstrating that congress gave the FTC or the CFPB rulemaking power under the FDCPA through the filing and settling of

---

[2] This language, echoed by MCM in the first two (2) sentences of the Time-Barred Disclosure, is what is presently at issue in this case.

lawsuits against debt collectors." *Pierre*, 2018 WL 723278, at *6 (citing *Harris*, 2013 WL 5221631, at *7); *Vulcan Constr. Materials, L.P. v. Fed. Mine Safety & Health Review Comm'n*, 700 F.3d 297, 315 (7th Cir. 2012).

This Court should follow *Pierre*, *Harris* and *Richardson* and not extend deference on this basis to the consent decrees cited in support of MCM's Motion to Dismiss.

>   D. <u>The Time-Barred Disclosure Failed to Advise Ms. Rueda That a *Promise* to Make a Partial Payment May Also Operate to Eliminate Her Statute of Limitations Defense.</u>

In the context of debt collection, Illinois law provides that if a debtor, within or after a limitations period, pays or promises to pay on a debt, the statute of limitations to sue on that debt starts anew from the date of such payment or promise to pay. *Pantoja*, 852 F.3d at 684-85 (*citing* 735 ILCS 5/13-205 and 735 ILCS 5/13-206); *see also Phillip Ross v. St. Clair Foundry Corporation*, 271 Ill.App. 271, 273 (4th Dist. 1933) (holding that a promise to pay revives the statute of limitations); *Axia Incorporated v. I.C. Harbour Construction Co.*, 150 Ill.App.3d 645, 651-52 (2nd Dist. 1986) ("a new promise to pay a past-due debt which removes a case from the running of the statute of limitations is unlike a normal bargain in that it creates a new debt"). Therefore, a payment or new promise to pay would put a debtor "in a much worse legal position than he would have been before taking the leap." *Pantoja*, 852 F.3d at 685. Thus, within the context of the collection activity at issue, if Ms. Rueda made, or agreed to make, a partial payment of the Subject Debt, Ms. Rueda's liability as to the total balance of the Subject Debt would be revived.

In *Pantoja*, while attempting to collect time-barred debt, the debt collector sent a letter that did "not even hint, let alone make clear to the recipient, that if he makes a partial payment or even just a promise to make a partial payment, he risks loss of the otherwise ironclad protection of the statute of limitations." *Id.* at 684. The Seventh Circuit found that:

14

> [b]efore he received defendant's letter, he had an absolute defense to any possible collection suit, which would have been illegal to file. If he had made or promised to make a partial payment, he could have been sued, likely as a pro se defendant in a new suit. In such a suit, at best, he would have had to challenge the collector's reliance on these Illinois statutes and case law that would have given the collector substantial support.

*Id*. at 685. In affirming summary judgment entered in favor of the plaintiff, the court held that "[s]ilence about that significant risk of losing the protection of the statute of limitations renders [the debt collector's] dunning letter misleading and deceptive as a matter of law." *Id*. at 685.

Unlike the debt collector in *Pantoja*, MCM here has at least attempted to advise Ms. Rueda as to certain actions that could operate to revive the statute of limitations on the Subject Debt. However, even with the last sentence added to MCM's disclaimer, the Time-Barred Disclosure remains incomplete because it does not advise or otherwise address the potential for revival of the statute of limitations in the event Ms. Rueda agreed or promised to make a payment. Therefore, despite its apparent efforts to revise and/or update the disclaimer language, MCM's Time-Barred Disclosure continues to be ineffective and mislead the unsophisticated Illinois consumer.

E. <u>Despite the Time-Barred Disclosure Advising Ms. Rueda That MCM Would Not Sue Her, MCM Never Had Standing to Sue Ms. Rueda in the First Place.</u>

Ultimately, the Time-Barred Disclosure is nothing but a farce because MCM, the "we" in the so-called disclosure, has no ownership interest in the Subject Debt and could not actually sue Ms. Rueda in the first place. Midland Funding, LLC owns the Subject Debt. Therefore, MCM's use of the word "we" in the Time-Barred Disclosure is deceptive in itself. MCM's declaration that "we will not sue you for it" and "we will not use the payment to restart the time to sue you" is no disclaimer at all because MCM cannot, and never could, sue Ms. Rueda to collect the Subject Debt. Because MCM does not own the Subject Debt and is merely a debt collection agency with no interest in the debt, it cannot be the named-plaintiff in a lawsuit to collect the Subject Debt. *See*

735 ILCS 5/2-403(a) (requiring ownership interest in chose in action to confer standing to bring suit); *see also Unifund CCR Partners v. Shah*, 946 N.E.2d 885, 890 (Ill. App. 2011). As such, the entirety of the Time-Barred Disclosure is illusory and, therefore, deceptive.

The focus of *Pantoja*'s analysis was whether the time-barred debt disclosure would leave the debtor wondering whether the debt collector had merely chosen not to sue out of the goodness of its heart, or whether it was legally barred from suing. *See Pantoja*, 852 F.3d at 686. Assuming arguendo that, with the addition of the third sentence, the Time-Barred Disclosure is an absolutely clear and transparent disclosure that is as good as saying "we are barred by the applicable statute of limitations from suing you for this debt and, because this debt is so old that we cannot sue you for it, we will not sue you for it whether or not you make, or promise to make, a partial payment towards it." MCM would <u>still</u> not be saved here. At a minimum, the Time-Barred Disclosure must be read as advising Ms. Rueda that MCM owns the Subject Debt, which is false. Alternatively, MCM's statements and representations directed to Ms. Rueda on the Payment Portal must be read as though the Time-Barred Disclosure was not disclosed to Ms. Rueda at all. In either case, MCM's Payment Portal communications are patently and objectively false, deceptive and misleading in violation of Section 1692e, e(2)(A) and e(10) of the FDCPA.

> F. <u>Even if the Court Determines That the Time-Barred Disclosure is Not Patently Deceptive or Misleading, Ms. Rueda's Claims Should Still Proceed to Allow Her to Introduce Extrinsic Survey Evidence.</u>

The Seventh Circuit has repeatedly held, where a court does not find the debt collector's representations patently deceptive or misleading, the plaintiff is permitted to introduce extrinsic evidence of consumer understanding (or lack thereof) through the use of a consumer survey:

> We see a potential for deception in those [collection letters] . . . but we have no way of determining whether a sufficiently large segment of the unsophisticated are likely to be deceived to enable us to conclude that the statute has been violated. For that evidence is required, the most useful being the kind of

consumer survey described in *Johnson v. Revenue Management Corp.*, 169 F.3d 1057, 1060-61 (7th Cir. 1999); *see also Pettit v. Retrieval Masters Creditors Bureau, Inc.*, *supra*, 211 F.3d [1057] at 1062 [(7th Cir. 2000)].

*Evory*, 505 F.3d at 776; *see also McMillan*, 445 F.3d at 759-760; *Sims*, 445 F.3d at 963; *Durkin*, 406 F.3d at 419. The *McMillan* court stated, in relevant part:

> In sum, the requisite inquiries under § 1692e and § 1692f are necessarily fact-bound. Whether characterized as issues of fact or issues of mixed fact and law, district courts must act with great restraint when asked to rule in this context on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Undoubtedly, there will be occasions when a district court will be required to hold that no reasonable person, however unsophisticated, could construe the wording of the communication in a manner that will violate the statutory provision. In most instances, however, a proper application of the rule will require that the plaintiff be given an opportunity to demonstrate that his allegations are supported by a factual basis responsive to the statutory standard.

*McMillan*, 455 F.3d at 760.

Therefore, even if this Court determines that the Time-Barred Disclosure is not misleading or deceptive on its face, Ms. Rueda should nonetheless be granted an opportunity to provide additional extrinsic evidence as to how MCM's Payment Portal representations would affect an unsophisticated consumer's understanding of his or her rights with respect to a time-barred debt.

## CONCLUSION

For the reasons outlined in this memorandum, Ms. Rueda's Amended Complaint alleges plausible claims that the dunning communications at issue were false, deceptive, misleading and/or unfair to the unsophisticated consumer. As such, Plaintiff respectfully requests that this Honorable Court DENY Defendant's Motion to Dismiss in its entirety.[3]

---

[3] Plaintiff respectfully requests that the Court allow for oral argument in connection with this briefing.

DATED this 7th day of June, 2019.                    Respectfully Submitted,

   */s/ Geoff B. McCarrell*
Geoff B. McCarrell #0086427
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
geoff.m@consumerlawpartners.com

*Counsel for Plaintiff, Diocelina Rueda*


## CERTIFICATE OF SERVICE

I hereby certify that, on June 7, 2019, I electronically filed the foregoing *Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint* with the Clerk of the District Court using the CM/ECF system, which will send notification of this filing to the attorneys of record in this action.

   */s/ Geoff B. McCarrell*
Geoff B. McCarrell #0086427
CONSUMER LAW PARTNERS, LLC