UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIOCELINA RUEDA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:19-cv-01739 |
| vs. ) | |
| ) | |
| MIDLAND CREDIT MANAGEMENT, INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

NOW COMES the Defendant, Midland Credit Management, Inc. ("Defendant" or "MCM"), by and through its undersigned counsel, and hereby files its reply in support of its motion to dismiss Plaintiff's Amended Complaint, and in support of which states as follows:

## ARGUMENT

The allegations in Plaintiff's Amended Complaint are straightforward. Plaintiff incurred a debt some time ago and failed to repay it. *See*, D.E. 13, ¶13. The debt was later placed with MCM for collection. *Id*. at ¶¶10-13. Plaintiff obtained a copy of her credit report on or about February 13, 2019. *Id*. at ¶10. The credit report informed Plaintiff that her credit history was made available to MCM on four occasions as permitted by law. *Id*. Plaintiff decided to access MCM's website to obtain more information about the "inquiries" she saw on her credit report. *Id*. at ¶11. While accessing the "Payment Portal" on MCM's website, she was provided a disclosure, which is at issue, that stated, in relevant part, as follows:

> **If you live in IL, this applies to you**: The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau. If you make a payment on this debt we will not use the payment to restart the time to sue you for this debt even if the law permits us to do so.

*See*, Exhibit B to D.E. 1. Plaintiff claims that this language somehow obscures the fact that she has a statute of limitations defense that bars MCM from collecting on her debt if she elects not to pay. D.E. 13, ¶32.

Plaintiff also claims that the Payment Portal provided "Discount Offers" which included the following statements: "Making a good-faith payment will not settle your account. Please consider establishing a payment plan."; "Resolve Your Account Today. Use this option to make a 1-Time, good-faith payment towards your outstanding balance."; "We are not obligated to renew these offers."; and "This offer may not be available after today. In order to accept this offer, please make a payment today." *Id*. at ¶¶17-21. Plaintiff claims these statements were in violation of the FDCPA because it created a false sense of urgency that she must take the Discount Offers immediately to avoid the risk that MCM will not honor the discounts in the future, when in fact MCM never intended to remove such offers. *Id*. at ¶¶22, 33.

Based on the arguments set forth in Defendant's Motion to Dismiss, as well as the arguments set forth below, Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

It should be noted that Plaintiff's Response Brief fails to comply with this Court's standing order and Local Rule 7.1 which limits briefs to 15 pages without prior approval of the court. Plaintiff's Response Brief is in excess of 15 pages and no prior Court approval was either requested or obtained. This Court should enforce Local Rule 7.1 and strike Plaintiff's Response Brief, or at the very least disregard any arguments set forth beyond 15 pages.

**I.     The Disclosure Language is Not False or Misleading.**

Plaintiff relies upon the Seventh Circuit decision in *Pantoja* for her argument that MCM's statement "will not sue" is deceptive and misleading. *See*, D.E. 20, p. 7. She argues that the

Seventh Circuit determined that a portion of the challenged disclosure is deceptive to an unsophisticated consumer. *Id*. Specifically, Plaintiff claims that the Seventh Circuit determined that the language "will not sue" was found to be deceptive and misleading. *Id*. at p. 8. Thus, according to Plaintiff, because MCM's disclosure language includes "will not sue" it violates the FDCPA.

The Seventh Circuit's decision, however, was not that narrow. The disclosure language in the dunning letter that was sent to Pantoja stated as follows: "Because of the age of your debt, we will not sue you for it and we will not report it to any credit reporting agency." *Pantoja v. Portfolio Recovery Associates, LLC*, 852 F.3d 679, 682 (7th Cir. 2017). The district court determined, and the Seventh Circuit later affirmed, that this language was misleading for two independent reasons. *Id*. First, the dunning letter failed to warn Pantoja that if he accepted any of the settlement offers, he would lose the protection of the statute of limitations. *Id*. at 682-683. Second, the letter said that the debt collector had chosen not to sue Pantoja, rather than saying that the debt was so old that the debt collector could not sue him for the debt. *Id*. at 683.

In *Pantoja*, the district court and the Seventh Circuit noted that the carefully worded sentence of the disclosure was taken from a 2012 consent decree between the Federal Trade Commission ("FTC") and another debt collector. *Id*. at 686. The decree required the debt collector to include the following disclosure in its collection letters that were seeking to collect an out of statute debt: "The law limits how long you can be sued on a debt. Because of the age of your debt we will not sue you." *Id*. (citing *McMahon v. LVNV Funding, LLC*, 2012 U.S. Dist. LEXIS 92655 (N.D. Ill. July 5, 2012), *rev'd on other grounds*, 744 F.3d 1010 (7th Cir. 2014)). However, the collector in *Pantoja* omitted the first sentence from the consent decree and opted to include only the vaguer "Because of the age of your debt we will not sue you for it…" *Id*. The Seventh Circuit

3

noted that the "reader is left to wonder whether [the debt collector] has chosen to go easy on this old debt out of the goodness of its heart, or perhaps because it might be difficult to prove the debt, or perhaps some other reason." *Id*. Furthermore, the Seventh Circuit found the omission of the first sentence to be an example of careful and deliberate ambiguity. *Id*. at 687.

Here, MCM's Payment Portal not only includes the first sentence in the decree, but also includes a third sentence reiterating that Plaintiff cannot be sued on the debt. Plaintiff, however, asks the Court to find that the first and third sentences of the disclosure do not "dispel the misleading impression created by the 'we will not sue you' sentence." *See*, D.E. 20, p. 8. Plaintiff cites to a recent decision from this district which found the first two sentences alone were misleading. *See, Pierre v. Midland Credit Mgmt*., 2018 U.S. Dist. LEXIS 18860 (N.D. Ill. Feb. 5, 2018). Plaintiff argues that the third sentence does not remedy the disclosure. D.E. 20, p. 9.

In *Pierre*, the disclosure language stated as follows: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it, we will not report it to any credit reporting agency, and payment or non-payment of this debt will not affect your credit score." The district court determined that this language was misleading because the letter "never warns of the possibility that certain actions could breathe new life into comatose debt." *Pierre*, 2018 U.S. Dist. LEXIS 18860 at *9-10. Simply put, this language was insufficient because it didn't include a revival warning, which is required per the *Pantoja* decision. *Id*. at *14. "[T]he collector's silence about the significant risk of losing the ironclad protection of the statute of limitations renders the letter misleading and deceptive as a matter of law." *Id*. at *17.

Here, MCM's disclosure not only indicates that there is a statute of limitations defense, but it also includes the revival warning required by *Pantoja*. Thus, to completely ignore the last

4

sentence of the disclosure, as Plaintiff is asking the Court to do,[1] completely ignores the reasoning of why the *Pierre* court found the language to be misleading. The third sentence (i.e., the revival warning) remedies the issue that was present in *Pierre*.

However, according to Plaintiff, even MCM's whole disclosure still leads a consumer to "wonder whether [the collector] has chosen to go easy on this old debt out of the goodness of its heart, or perhaps because it might be difficult to prove the debt." D.E. 20, p. 9. Plaintiff relies on another recent decision from this district for the proposition that the words "we will not sue you" misleads a consumer to believe that a collector or creditor is *choosing* not to use him or her. *Richardson v. LVNV Funding, LLC*, 2017 U.S. Dist. LEXIS 179746 (N.D. Ill. Oct. 31, 2017). In *Richardson*, the following disclosure was provided in a dunning letter:

> The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency. In many circumstances, you can renew the debt and start the time period for filing of a lawsuit against you if you take specific actions such as making certain payment on the debt or making a written promise to pay. You should determine the effect of any actions you may take with respect to this debt.

*Id*. at *3. In the court's ruling on the defendant's motion to dismiss, it noted that the holding in *Pantoja* does not resolve the motion to dismiss because the dunning letter sent to Richardson included the preceding sentence, "The law limits how long you can be sued on a debt." *Id*. at *7-8. The question became whether the preceding sentence (or anything else in the letter) dispelled the misleading impression created by "we will not sue you." *Id*. However, the court chose not to conclude as a matter of law that the remaining contents of the letter remedied the "we will not sue you" language. *Id*. Judge Tharp reasoned that although the preceding sentence indicates to the

---

[1] Plaintiff claims that she omitted the last sentence of the "Time-Barred Disclosure" because her "claims and allegations do not stem from or rely on that specific language." D.E. 20, fn. 1. She claims that only Defendant's defense relies on that language. *Id*.

5

reader that there is a statute of limitations defense, an unsophisticated consumer may still be confused about whether the defense actually barred the defendants from suing on the debt. *Id.*

The disclosure provided on MCM's Payment Portal differs from the language in *Richardson*. The third sentence advises the consumer "[i]f you make a payment on this debt we will not use the payment to restart the time to sue you for this debt even if the law permits us to do so." This sentence further affirms that Plaintiff cannot be sued for the debt, but if she were to make a payment, the law may permit MCM to sue on the debt. This sentence should prevent an unsophisticated consumer from wondering whether the collector has chosen to go easy on the old debt out of the goodness of its heart, or the statute limitations had in fact expired.

Plaintiff also takes issue that the Payment Portal does not include the date the debt was incurred or when the statute of limitations ran, nor does it state any applicable law. Plaintiff claims the "carefully ambiguous language" in MCM's disclosure gives no indication as to when the alleged debt went into default. First, it doesn't matter when the debt went into default. MCM is advising the consumer that the statute of limitations has expired on her debt. Second, providing a default date is not a requirement. Absent binding precedent, this Court should disregard any suggestion that such information should be included. Finally, any inference that MCM deliberately chose to draft the language of the disclosure to mislead a consumer is unfounded as MCM was not the mastermind behind the "carefully ambiguous language." The first two sentences were created by the FTC and the CFPB, the current and former enforcement authorities for the FDCPA. Plaintiff asks this Court to provide no deference to the consent decree or the FTC and CFPB's interpretation on the FDCPA, but the fact that these agencies have specifically required the use of the disclosure language is strong evidence that the statement is not misleading. *See, Collopy v. Dynamic Recovery Solutions, LLC*, 2017 U.S. Dist. LEXIS 51606, *7 (N.D. Ill. Apr. 4, 2017).

Plaintiff also argues that the settlement offers provided further confuse the time-barred disclosure because, according to Plaintiff, it "implies that MCM has some recourse if the consumer rejects the discounted offers." D.E. 20, p. 10. Plaintiff claims the words "settle," "resolve" and "discount" implies and suggests that the Subject Debt is still enforceable. *Id*. Plaintiff relies on the *McMahon* decision wherein the court stated, "a settlement offer on a time-barred debt implies that the creditor could successfully sue on the debt." *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1022 (7th Cir. 2014). This matter, however, is distinguishable because MCM included a disclosure. The letter in *McMahon* was completely absent of any warning that the debt was time-barred. *See generally, id*. Furthermore, Plaintiff's Amended Complaint does not claim that the discount offers misled her into believing she could still be sued by MCM. Rather, her sole claim regarding the discount offers is that MCM allegedly misled her into believing that if she didn't act on the offers immediately that she may not be able to take advantage of them in the future, even though MCM never intended on revoking such offers. Thus, such argument has no support for Plaintiff's claims as her Amended Complaint does not allege that the discount offers provided had any impact on her interpretation of the disclosure language.

Defendant's disclosure, read in its entirety, clearly addresses the concerns raised by the FTC and the Seventh Circuit. It advises the consumer that it is the law that limits the time in which a person will be sued, and because of the age of the debt, the consumer will not be sued. This additional prefatory sentence clarifies that it is the law, not MCM's mere choice, that suit not occur. Further, the disclosure makes clear that the law may, under some circumstances, permit MCM to sue if a payment is made with the caveat that MCM has chosen not to do so. It is clear from the four-corners of the disclosure that the unsophisticated consumer would not be misled by it. *See, Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012)

(Dismissal is appropriate only when "it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it.") The Court should decline to extend liability under the FDCPA to the circumstances of this action, in the absence of any judicial precedent, binding on this Court or otherwise, for doing so.

II. **Plaintiff's Response Brief Wholly Fails to Address Defendant's Argument that the Discount Offers Alleged are Not Misleading.**

In Defendant's Motion to Dismiss, it argues that the language alleged in Plaintiff's Amended Complaint, providing settlement offers was not misleading based upon Seventh Circuit precedent. Plaintiff's Response Brief completely fails to address Defendant's arguments on this issue. As such, rather than regurgitating Defendant's arguments, Defendant directs this Court to the arguments and supporting case law set forth in its Motion to Dismiss.

## CONCLUSION

Plaintiff's allegations against MCM, even taken as true, do not plausibly suggest that she has a right to relief. It is clear from the disclosure provided in the accompanying exhibit to the Complaint that MCM provided the requisite disclosures and did not violate the FDCPA. Furthermore, as set forth more fully in Defendant's Motion to Dismiss, the language alleged in relation to the "Discount Offers" has the requisite *Evory* safe harbor language. Plaintiff simply cannot allege sufficient facts to draw a reasonable inference that MCM is liable for the alleged misconduct. Accordingly, Plaintiff's claims against MCM should be dismissed with prejudice.

Respectfully submitted,

Dated: June 21, 2019  /s/ Stephanie A. Strickler
Stephanie A. Strickler (IL#6314089)
Messer Strickler, Ltd.
225 W. Washington St., Ste 575
Chicago, Illinois 60606
312-334-3465
312-334-3473 (fax)
sstrickler@messerstrickler.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 21, 2019 I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

      /s/ Stephanie A. Strickler
Stephanie A. Strickler (IL#6314089)
Messer Strickler, Ltd.
225 W. Washington St., Ste 575
Chicago, Illinois 60606
312-334-3465
312-334-3473 (fax)
sstrickler@messerstrickler.com
*Attorney for Defendant*