UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIOCELINA RUEDA, | ) |
| | ) |
| Plaintiff, | ) 19 C 1739 |
| | ) |
| vs. | ) Judge Gary Feinerman |
| | ) |
| MIDLAND CREDIT MANAGEMENT, INC., | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Diocelina Rueda alleges that Midland Credit Management, Inc. violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, in connection with its effort to collect from her a time-barred debt. Doc. 13. Midland moves to dismiss the amended complaint under Civil Rule 12(b)(6). Doc. 16. The motion is denied.

### Background

In resolving Midland's Rule 12(b)(6) motion, the court accepts the operative complaint's well-pleaded factual allegations, with all reasonable inferences drawn in Rueda's favor, though not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Rueda's brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to Rueda as those materials permit. *See Domanus v. Locke Lord, LLP*, 847

1

F.3d 469, 478-79 (7th Cir. 2017). In setting forth the facts at this stage, the court does not vouch for their "objective truth." *Kiebala v. Boris*, 928 F.3d 680, 681 (7th Cir. 2019).

When Rueda reviewed her credit history, she found that Midland, a debt collector, had obtained her credit report for a "collection" purpose on four dates. Doc. 13 at ¶¶ 6-7, 10. Rueda accessed Midland's Payment Portal website for more information. *Id*. at ¶ 11. When she did so, Midland attempted to collect from her a consumer debt on which the statute of limitations had run. *Id*. at ¶¶ 13, 15-16. In so doing, Midland stated:

> **If you live in IL, this applies to you:** The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau. If you make a payment on this debt we will not use the payment to restart the time to sue you for this debt even if the law permits us to do so.

*Id*. at ¶ 14; Doc. 20 at 3; Doc. 1-2 at 2. Midland also presented Rueda with "[d]iscount [o]ffers," stated that it "[is] not obliged to renew these offers" and that they "may not be available after today," and stated that "to accept this offer," she could "make a payment today." Doc. 13 at ¶¶ 17-21. Rueda alleges that Midland "had no present intention of removing, lifting or otherwise not honoring the 'Discount Offers.'" *Id*. at ¶ 22.

## Discussion

Rueda alleges that Midland's statements regarding the time-barred nature of her debt violated the FDCPA's prohibitions against false and misleading representations, 15 U.S.C. § 1692e, and unfair practices, *id*. § 1692f. Doc. 13 at ¶¶ 29-35. Section 1692e prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; *see Ruth v. Triumph P'ships*, 577 F.3d 790, 799-800 (7th Cir. 2009). The provision, essentially a "rule against trickery," *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007), sets forth "a

2

nonexclusive list of prohibited practices" in sixteen subsections, *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014). Section 1692f, meanwhile, proscribes the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Because Rueda's § 1692f claim rests on the same premise—that Midland's statements were misleading—as her § 1692e claim, Doc. 13 at ¶¶ 31-35, the two claims rise or fall together.

The Seventh Circuit "has consistently held that with regard to 'false, deceptive, or misleading representations' in violation of § 1692e of the FDCPA, the standard is … whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer if the consumer is not represented by counsel." *Bravo v. Midland Credit Mgmt., Inc.*, 812 F.3d 599, 603 (7th Cir. 2016); *see also Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 273 (7th Cir. 2014) (noting that FDCPA claims "are evaluated under the objective 'unsophisticated consumer' standard"). The reasonable consumer standard protects a consumer who "may be uninformed, naive, or trusting," but who nonetheless "possess[es] rudimentary knowledge about the financial world." *Gruber*, 742 F.3d at 273 (internal quotation marks omitted). The reasonable consumer, although unsophisticated, "is not a dimwit" and "is capable of making basic logical deductions and inferences." *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012) (internal quotation marks omitted).

Statements alleged to be false or misleading under the FDCPA fall into three categories. *See Ruth*, 577 F.3d at 800. The first consists of statements that are "plainly, on their face, … not misleading or deceptive. In these cases, [the court] do[es] not look to extrinsic evidence to determine whether consumers were confused. Instead, [the court] grant[s] dismissal or summary judgment in favor of the defendant based on [its] own determination that the statement complied with the law." *Ibid*. The second category consists of "statements that are not plainly misleading

3

or deceptive but might possibly mislead or deceive the unsophisticated consumer. In these cases, … plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Ibid.* The third category consists of statements that are "so clearly confusing on [their] face[s] that a court may award summary judgment to the plaintiff on that basis." *Id*. at 801 (internal quotation marks omitted).

To prevail on its motion to dismiss, Midland must show that its statements regarding Rueda's time-barred debt fall in the first *Ruth* category. *See Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) ("[A] plaintiff fails to state a claim and dismissal is appropriate as a matter of law when it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it.") (internal quotation marks omitted). In an effort to make that showing, Midland contends that it "adequately notifie[d] [Rueda] about the age of [her] debt, the implications of the age for its enforceability, and the consequences of making a payment on it." Doc. 16 at 6-7.

Midland's position cannot be reconciled with *Pantoja v. Portfolio Recovery Associates, LLC*, 852 F.3d 679 (7th Cir. 2017). The debt collector in *Pantoja* sent the debtor a letter seeking to collect on a time-barred debt and proposing certain "settlement offers." *Id*. at 682. The key portion of the letter read: "Because of the age of your debt, we will not sue you for it and we will not report it to any credit reporting agency." *Ibid*. The Seventh Circuit held that the letter was deceptive under § 1692e for two separate reasons. "The first [was] that the … letter failed to warn [the debtor] that if he accepted any of the settlement offers, whether by making a partial payment or even by just agreeing to make a payment, he would lose the protection of the statute of limitations." *Id*. at 682-83. "The second [was] that the letter deceptively said that [the debt

4

collector] had chosen not to sue [the debtor], rather than saying that the debt was so old that [the debt collector] *could not* sue him for the alleged debt." *Id*. at 683 (emphasis added).

Midland's statements to Rueda avoid the first problem by informing her: "If you make a payment on this debt we will not use the payment to restart the time to sue you for this debt even if the law permits us to do so." Doc. 20 at 3. Midland did not, however, avoid the second problem—at least viewing its statements through the lens applicable to a Rule 12(b)(6) motion. Much like the *Pantoja* debt collector, Midland told Rueda: "Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau." *Ibid*. Granted, Midland added this language, which the *Pantoja* debt collector did not use: "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report." *Ibid*. But Midland never said what would have placed its statements in the first *Ruth* category: "that the debt was so old that [Midland] *could not* sue [Rueda] for the alleged debt." *Pantoja*, 852 F.3d at 683 (emphasis added). Drawing all reasonable inferences in Rueda's favor, it is plausible that "an unsophisticated consumer [could] still [have been] confused" by Midland's statements as to "whether the [limitations] defense actually barred [Midland] from suing on the debt," or whether Midland "'ha[d] chosen to go easy on this old debt out of the goodness of its heart, or perhaps because it might be difficult to prove the debt.'" *Richardson v. LVNV Funding, LLC*, 2017 WL 4921971, at *3 (N.D. Ill. Oct. 31, 2017) (quoting *Pantoja*, 852 F.3d at 686).

It follows that Midland is not entitled to dismissal of Rueda's FDCPA claims. *See Barnett v. Midland Credit Mgmt., Inc.*, 2019 WL 3825487, at *1-2 (N.D. Ill. Aug. 15, 2019) (denying a motion to dismiss a materially identical claim against Midland). The fact that the Federal Trade Commission years ago entered into a consent decree requiring a debt collector to use language comparable to Midland's statements regarding the time-barred nature of the

5

debtor's debt, *see United States v. Asset Acceptance, LLC*, No. 8:12-cv-00182-JDW-EAJ (M.D. Fla. Jan. 31, 2012), ECF No. 5 at 13, does not alter this result given that consent decrees do not bind non-parties or create generally applicable rules of law. *See Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 522 (1986) ("[I]t is the agreement of the parties, rather than the force of the law upon which the complaint was originally based, that creates the obligations embodied in a consent decree."); *United States v. Bd. of Educ. of Chi.*, 11 F.3d 668, 673 (7th Cir. 1993) ("A consent decree is not to be used as a device by which A and B, the parties to the decree, can (just because a judge is willing to give the parties' deal a judicial imprimatur) take away the legal rights of C, a nonparty."); *see also Redmond v. Capital Mgmt. Servs., L.P.*, 2017 WL 1196932, at *2 (N.D. Ill. Mar. 31, 2017) (addressing the *Asset Acceptance* consent decree cited by Midland); *Harris v. Total Card, Inc.*, 2013 WL 5221631, at *7 (N.D. Ill. Sept. 16, 2013) (same).

## Conclusion

Because Midland's statements regarding the time-barred nature of Rueda's debt do not fall within the first *Ruth* category, its motion to dismiss is denied. This holding does not speak to whether Midland's statements fall within the second or third *Ruth* categories, a question that may have implications at summary judgment or trial. *See, e.g.*, *McCoy v. Midland Funding, LLC*, 2019 WL 2773703, at *3-5 (N.D. Ill. July 2, 2019). Given this disposition, there is no need to determine whether Rueda's claims also may rest on her allegation that Midland's "[d]iscount [o]ffers" and accompanying statements were deceptive. Midland shall answer the amended complaint by September 11, 2019.

August 21, 2019

_____
United States District Judge